IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

SANDRA JACKSON SHEPPARD,

   Plaintiff,

     v.

BANK OF AMERICA, NA, et al.,

   Defendants.

CIVIL ACTION FILE
NO. 1:11-CV-4472-TWT

ORDER

This is a wrongful foreclosure action. It is before the Court on the Plaintiff's Motion to Remand [Doc. 17], the Defendants' Motion to Dismiss the Original Complaint [Doc. 7], and the Defendants' Motion to Dismiss the Amended Complaint [Doc. 16]. For the reasons set forth below, the Court DENIES the Plaintiff's Motion to Remand [Doc. 17], DENIES as moot the Defendants' Motion to Dismiss the Original Complaint [Doc. 7], and GRANTS the Defendants' Motion to Dismiss the Amended Complaint [Doc. 16].

I. Background

On April 5, 2005, the Plaintiff, Sandra Sheppard, executed a promissory note (the "Note") to obtain a $360,000 loan (the "Loan") from Countrywide Home Loans. (See Am. Compl., Ex. 1.) The Note provided that the interest rate "may change on the

first day of May, 2008, and on that day every sixth month thereafter." (Id.) This date was known as the "Change Date." (Id.) The Note also provided that the Plaintiff would make interest-only payments until the first principal payment became due on the first monthly payment date after the first Change Date. (Id.) To secure the Loan, the Plaintiff granted a security deed (the "Security Deed") in certain property located at 455 Park Avenue Southeast, Atlanta, Georgia 30312. (See Am. Compl, Ex. 3.) The Security Deed provides that Mortgage Electronic Registration Systems, Inc. ("MERS"), is the grantee "solely as a nominee for Lender and Lender's successors and assigns." (Id.) The Security Deed also provides that MERS has the right to foreclose and sell the property, or release or cancel the Security Deed. (Id.) On May 9, 2011, MERS assigned the Security Deed to the Bank of New York Mellon ("BNYM"). (See Defs.' Mot. to Dismiss Am. Compl., Ex. A.)

On April 2, 2008, Countrywide sent Sheppard a letter (the "Notice") stating that the next payment would be an interest-only payment because the Plaintiff was "still within the Interest-Only Period of this loan." (See Am. Compl., Ex. 4.) The Notice reflects a payment, due on June 1, 2008, in the total amount of $4,238.97. (Id.) Finally, the Notice advised Sheppard that "[w]ith your interest rate payment scheduled to adjust on 5/01/2008, (according to the terms of your loan), you may want to consider speaking with a Home Loan Expert." (Id.)

On November 16, 2011, the Plaintiff filed this action in the Superior Court of Fulton County against Bank of America, N.A. ("BOA"), Countrywide Home Loans, Inc. ("Countrywide"), BNYM, CWABS, Inc., and MERS (collectively, the "Defendants") [Doc. 1]. The Complaint included claims for predatory lending, civil conspiracy, violations of the Georgia Residential Mortgage Act, violations of the Fair Debt Collection Practices Act, violations of the Fair Credit Reporting Act, violations of the Truth in Lending Act, violations of the Pooling and Servicing Agreement between Countrywide Home Loans Servicing, The Bank of New York, and The Bank of New York Trust Company, and violations of a Bankruptcy Discharge Order [id.]. On December 23, 2011, the Defendants moved for an extension of time to respond to the Complaint [Doc. 2-1]. On December 16, 2011, before filing an answer, the Defendants removed the lawsuit to this Court [Doc. 1]. On January 23, 2012, the Defendants moved to dismiss the Complaint pursuant to Rule 8(a) and Rule 12(b)(6) [Doc. 7].

On February 9, 2012, the Plaintiff filed an Amended Complaint [Doc. 12]. The Amended Complaint includes claims for Anticipatory Repudiation of Contract, Failure of Consideration, Breach of Implied Duty of Good Faith and Fair Dealing, Foreclosure Defense, claims under the Georgia Fair Business Practices Act ("FBPA"), claims under the Unfair or Deceptive Practices Toward the Elderly Act ("UDPTEA"),

and claims under the Uniform Deceptive Trade Practices Act ("UDTPA") [id.]. The Amended Complaint does not include any claims arising under federal law. Generally, the Plaintiff alleges that by sending the Notice, the Defendants repudiated the Note and Security Deed. Specifically, Sheppard argues that the Notice sought to unilaterally change the terms of the Loan, such that the Plaintiff would be obligated to make interest-only payments indefinitely. Finally, on February 23, 2012, the Defendants filed this Motion to Dismiss the Amended Complaint [Doc. 16].

## II. Motion to Dismiss Standard

A complaint should be dismissed under Rule 12(b)(6) only where it appears that the facts alleged fail to state a "plausible" claim for relief. Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009); Fed. R. Civ. P. 12(b)(6). A complaint may survive a motion to dismiss for failure to state a claim, however, even if it is "improbable" that a plaintiff would be able to prove those facts; even if the possibility of recovery is extremely "remote and unlikely." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 556 (2007) (citations and quotations omitted). In ruling on a motion to dismiss, the court must accept factual allegations as true and construe them in the light most favorable to the plaintiff. See Quality Foods de Centro America, S.A. v. Latin American Agribusiness Dev. Corp., S.A., 711 F.2d 989, 994-95 (11th Cir. 1983). Generally, notice pleading is all that is required for a valid complaint. See Lombard's, Inc. v.

Prince Mfg., Inc., 753 F.2d 974, 975 (11th Cir. 1985), cert. denied, 474 U.S. 1082 (1986). Under notice pleading, the plaintiff need only give the defendant fair notice of the plaintiff's claim and the grounds upon which it rests. See Erickson v. Pardus, 551 U.S. 89, 93 (2007) (citing Twombly, 550 U.S. at 555).

### III. Discussion

A. Plaintiff's Motion to Remand

Sheppard argues that this Court lacks subject matter jurisdiction. Specifically, the Plaintiff claims that the Court has neither federal question nor diversity jurisdiction.

1. Federal Question Jurisdiction

The Defendants contend that the Court has federal question jurisdiction. Under 28 U.S.C. § 1331, "[t]he district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. Here, the original Complaint pled claims under federal law and thus presented a federal question [see Doc. 1]. Sheppard does not argue otherwise. The Plaintiff, however, asserts that the Amended Complaint removed all questions of federal law and thus stripped the Court of federal question jurisdiction.

"If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c).

However, "[t]he Eleventh Circuit has interpreted section 1447(c) to mean 'the proper inquiry is . . . whether the court had jurisdiction at the time of removal.'" Wilson v. BB&T Mortg., No. 10-CV-1234, 2010 U.S. Dist. LEXIS 64284, at *2 (N.D. Ga. June 29, 2010) (quoting Poore v. American-Amicable Life Ins. Co., 218 F.3d 1287, 1290 (11th Cir. 2000)). Indeed, the United States Supreme Court has endorsed this interpretation of § 1447. See Rockwell Int'l Corp. v. United States, 549 U.S. 457, 474 n.6 (2007) ("[W]hen a defendant removes a case to federal court based on the presence of a federal claim, an amendment eliminating the original basis for federal jurisdiction generally does not defeat jurisdiction."). Here, at the time of removal, the original Complaint included several federal claims [see Doc. 1]. The Plaintiff does not dispute that the original Complaint presented issues of federal law. Sheppard's Amended Complaint does not eliminate the basis for federal jurisdiction. See Rockwell, 549 U.S. at 474 n.6. For this reason, the Court has subject matter jurisdiction over the Plaintiff's claims.

        2.     Diversity Jurisdiction

The Defendants also rely on diversity jurisdiction. "The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States." 28 U.S.C. § 1332(a). The Plaintiff admits that all parties

are diverse and that more than $75,000 is at stake. Nevertheless, Sheppard asserts that the Defendants waived their right to remove by requesting an extension of time to respond to the Complaint in state court. "A state court defendant may lose or waive the right to remove a case to a federal court by taking some substantial offensive or defensive action in the state court action indicating a willingness to litigate in that tribunal before filing a notice of removal with the federal court . . . waiver will not occur, however, when the defendant's participation in the state action has not been substantial." Yusefzadeh v. Nelson, Mullins, Riley & Scarborough, LLP, 365 F.3d 1244, 1246 (11th Cir. 2004) (quoting CHARLES A. WRIGHT, ET AL., 14B FEDERAL PRACTICE & PROCEDURE § 3721 (2003)). "Accordingly, to determine the existence of a waiver, the Court must examine 'whether the actions taken by the defendant in state court were for the purpose of preserving the status quo,' or whether they manifested 'an intent to litigate on the merits in state court.'" Miller v. All Star, Inc., No. 09-CV-3551, 2010 U.S. Dist. LEXIS 31187, at *6 (N.D. Ga. Feb. 10, 2010) (quoting Brown v. Sasser, 128 F. Supp. 2d 1345, 1347 (M.D. Ala. 2000)).

In Miller, the defendants answered the complaint before seeking removal. The court held that the answer did not waive the defendants' right to remove. The court reasoned that the "answer was merely a 'preliminary action[] in a lawsuit, not at all comparable to the sort of dispositive motion addressing the merits of a case that

arguably might most clearly demonstrate an intent to litigate.'" Id. at *9 (quoting Brown, 128 F. Supp. 2d at 1348).

Here, as in Miller, the filing of a request for an extension did not evidence "an intent to litigate on the merits in state court." Id. at *6. Further, unlike in Miller, the Defendants never responded to the Complaint in state court. Nor did the Defendants file any motions addressing the merits of the case in state court. Indeed, the motion for an extension was merely a means "of preserving the status quo." Miller, 2010 U.S. Dist. LEXIS 31187, at *6. Thus, the Defendants did not waive their right to remove the case.

B.   Defendants' Motion to Dismiss Original Complaint

The Defendants filed their Motion to Dismiss the Original Complaint on January 23, 2012 [see Doc. 7]. The Plaintiff filed an Amended Complaint on February 9, 2012 [see Doc. 12]. Thus, the Defendants' Motion to Dismiss the Original Complaint [Doc. 7] is moot.

C.   Defendants' Motion to Dismiss Amended Complaint

1.   Anticipatory Repudiation

In the Amended Complaint, the Plaintiff claims that the Notice changed a "material term" of the Security Deed. (See Am. Compl. ¶ 18.) Thus, Sheppard argues, the Notice constitutes anticipatory repudiation of both the Note and Security Deed. (Id. ¶¶ 18 & 21.) "The anticipatory repudiation of a contract occurs when one party thereto repudiates his contractual obligation to perform prior to the time such performance is required under the terms of the contract." Textile Rubber & Chem. Co. v. Thermo-Flex Techs., Inc., 301 Ga. App. 491, 494 (2009) (quoting Coffee Butler Svc. v. Sacha, 258 Ga. 192, 193 (1988)). "Thus when one party to a bilateral contract of mutual dependent promises *absolutely* refuses to perform and repudiates the contract prior to the time of his performance, the innocent party is at liberty to consider himself absolved from any future performance on his part." Id. (emphasis added). Only an "an unqualified repudiation of the entire contract prior to the time for performance" will constitute anticipatory repudiation. Continental Cas. Co. v. Stephenson, 112 Ga. App. 666 (1965).

In Stephenson, the defendant insurance company ceased disability payments after informing the insured that he was not "permanently disabled" under the insurance contract. The insured argued that the defendant had repudiated the contract. The court, however, found that there had been no repudiation, even if the defendant's interpretation of "permanent disability" was incorrect. The court reasoned that "[t]he

refusal was not on the ground that the defendant repudiated or denied the validity of the contract, but on the ground that under the contract there was no obligation to pay." Id. "The repudiation must go to the whole contract." Id.

Here, the Plaintiff does not assert that the Defendants repudiated their entire obligation under the Note. Indeed, Sheppard concedes that the Defendants funded $360,000 pursuant to the Loan. (See Am. Compl., Ex. 1.) Further, contrary to the Plaintiff's assertions, the Notice *did not* unilaterally change the terms of the Loan, Note, or Security Deed. Nor could it. "[I]t is elemental that it is not possible to have a unilateral modification of a contract previously entered into between the parties." McLean v. Continental Wingate Co., 212 Ga. App. 356, 359 (1994) (quoting Am. Express Travel Related Svcs. Co. v. Berlye, 202 Ga. App. 358, 361 (1991)). Thus, the Note is still in effect.

Further, the Notice did not constitute a complete and unequivocal rejection of the Defendants' *entire* obligation under the Note. As in Stephenson, the Defendants did not deny the validity of the interest-only period as defined by the Note. Rather, the Defendants asserted that the Plaintiff's next payment would be interest only *under* the Note. See Stephenson, 112 Ga. App. at 666 ("The refusal [to pay insurance funds under the contract] was not on the ground that the defendant repudiated or denied the validity of the contract, but on the ground that under the contract there was no

obligation to pay."). Indeed, the Notice specifically contemplated that the Note was still in effect, stating that Sheppard was "still within the Interest-Only Period *of this loan*." (Am. Compl., Ex. 4) (emphasis added). Thus, as in Stephenson, the Defendants' allegedly mistaken interpretation of the interest-only period did not indicate an unequivocal intention to repudiate the Note. For these reasons, the Plaintiff's anticipatory repudiation claim is dismissed.

2. Breach of Contract

Although not listed as an individual count, the Plaintiff contends that the Defendants breached the Note. As discussed above, the Notice could not and did not change the terms of the Note. See McLean, 212 Ga. App. at 359 (quoting Berlye, 202 Ga. App. at 361) ("[I]t is elemental that it is not possible to have a unilateral modification of a contract previously entered into between the parties."). Further, the Plaintiff does not allege that the Defendants refused to accept any principal payment in violation of the Note. Nor does she contend that the Defendants breached the Note by failing to credit funds toward the principal amount in accordance with the Notice.[1] Indeed, the Plaintiff does not allege that the Defendants failed to perform any

---

[1] Had the Plaintiff tendered a principal payment in advance, as contemplated by the Note, the Note would have required the Defendants to accept that payment as satisfaction of the principal. The Plaintiff failed to do so.

requirement of the Note. For these reasons, the Plaintiff's breach of contract claim is dismissed.

### 3. Breach of Good Faith and Fair Dealing

The Plaintiff asserts that the Defendants breached a duty of good faith and fair dealing by sending the Notice. "Every contract implies a covenant of good faith and fair dealing in the contract's performance and enforcement." OnBrand Media v. Codex Consulting, Inc., 301 Ga. App. 141, 147 (2009) (quoting Myung Sung Presbyterian Church v. North Am. Ass'n of Slavic Churches & Ministries, Inc., 291 Ga. App. 808, 810 (2008)). "The implied covenant modifies and becomes a part of the provisions of the contract, but the covenant cannot be breached apart from the contract provisions it modifies and therefore cannot provide an independent basis for liability." Id. For the reasons set forth above, Sheppard's breach of contract claim is dismissed. Thus, the Plaintiff's claim for breach of the duty of good faith and fair dealing is dismissed.

### 4. FBPA

The Defendants argue that the FBPA does not apply. The FBPA prohibits "[u]nfair or deceptive acts or practices in the conduct of consumer transactions and consumer acts or practices in trade or commerce." O.C.G.A. § 10-1-393(a). The Georgia legislature, however, "has evidenced a clear intent to limit the scope of the

(FBPA) to the consumer market." Zeeman v. Black, 156 Ga. App. 82, 83 (1980) (quoting State of Ga. v. Meredith Chevrolet, 145 Ga. App. 8, 11-12 (1978)). "[T]o be subject to direct suit under the FBPA, the alleged offender must have done some volitional act to avail himself of the channels of consumer commerce." Id. "The area of mortgage transactions is regulated by the Truth in Lending Act, the Real Estate Settlement Procedures Act, and the Georgia Residential Mortgage Act." Reese v. Wachovia Bank, N.A., No. 08-CV-3461, 2009 U.S. Dist. LEXIS 94802, at *5 (N.D. Ga. Feb. 23, 2009). Thus, the FBPA does not apply to residential mortgage transactions. Id.; see also, Jackman v. Hasty, No. 10-CV-2485, 2011 WL 854878, at *6 (N.D. Ga. March 8, 2011) ("Because the servicing of mortgages and foreclosure sales are regulated by other state and federal rules and statutes, claims relating to either are exempt from the UDTPA and FBPA."). For this reason, the Plaintiff's FBPA claim is dismissed.

     5.    UDTPA

The Defendants also argue that the UDTPA does not apply. Like the FBPA, the UDTPA "do[es] not apply to conduct subject to rules and regulations promulgated by a regulatory agency of Georgia or the United States." Jackman, 2011 WL 854878, at *6. Thus, "[b]ecause the servicing of mortgages and foreclosure sales are regulated

by other state and federal rules and statutes, claims relating to either are exempt from the UDTPA." Id. For this reason, the Plaintiff's UDTPA claim is dismissed.

   6. UDPTEA

The Defendants argue that the Plaintiff's UDPTEA claim fails because it relies on the FBPA and UDTPA. "UDPTEA provides an additional civil penalty when a FBPA violation injures an elderly or disabled person as defined in O.C.G.A. § 10-1-850." Reese, 2009 U.S. Dist. LEXIS at *4. Thus, the Plaintiff's UDPTEA claim is dependent on her FBPA claim. See id. (finding that UDPTEA claims were depending on FBPA claims and therefore dismissing UDPTEA claims because "plaintiff's claims under FBPA fail as a matter of law."). As discussed above, neither the UDTPA nor the FBPA applies in this case. For this reason, Sheppard's UDPTEA claim also fails.

   7. Quiet Title

The Plaintiff argues that because Countrywide repudiated the Note, Countrywide had "no right to transfer, sell or otherwise assign the Note to MERS . . . and therefore MERS had no right . . . to transfer, sell or otherwise assign" the Note and Security Deed to BNYM. (Am. Compl. ¶ 49.) As discussed above, however, Countrywide did not repudiate the Note. For this reason, the Plaintiff's claim to quiet title is dismissed.

### 8. Failure of Consideration

The Plaintiff has abandoned her failure of consideration claim. (See Pl.'s Br. in Opp'n to Defs.' Mot. to Dismiss, at 27.) For this reason, the Plaintiff's failure of consideration claim is dismissed.

### 9. Foreclosure Defense

The Plaintiff has abandoned her claim for foreclosure defense. (See Pl.'s Br. in Opp'n to Defs.' Mot. to Dismiss, at 29-30.) For this reason, the Plaintiff's foreclosure defense claim is dismissed.

### 10. Preliminary Injunction

The Plaintiff has abandoned her claim for a preliminary injunction. (See Pl.'s Br. in Opp'n to Defs.' Mot. to Dismiss, at 31.) For this reason, that claim is dismissed.

### 11. Punitive Damages

As the underlying claims have been dismissed, punitive damages are inappropriate. See Lamb v. Salvage Disposal Co. of Ga., 244 Ga. App. 193, 196 (2000) ("[P]unitive damages are not recoverable unless general damages have been awarded."). Thus, the Plaintiff's claim for punitive damages is also dismissed.

## IV. Conclusion

For the reasons set forth above, the Court DENIES the Plaintiff's Motion to Remand [Doc. 17], DENIES as moot the Defendants' Motion to Dismiss the Original Complaint [Doc. 7], and GRANTS the Defendants' Motion to Dismiss the Amended Complaint [Doc. 16].

SO ORDERED, this 29 day of August, 2012.


/s/Thomas W. Thrash
THOMAS W. THRASH, JR.
United States District Judge